UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:10-CR-00041-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ADRIAN LAMONT KEARNEY ) | |

This matter is before the court on General Kearney, Jr.'s *pro se* motion for return of property. The government has filed a response in opposition to the motion.

By way of background, defendant Adrian Lamont Kearney pled guilty to two drug offenses, and pursuant to a plea agreement, he agreed to forfeit the property specified in the indictment, that being, a 2002 Dodge Ram truck, vehicle identification number 1D7HA18N32J181925. (See DE # 1; DE # 36, ¶ 2e.) At the time of sentencing, the court entered a preliminary order of forfeiture authorizing the government to seize that vehicle and deeming the vehicle forfeited to the United States for disposition, subject to the provisions of 21 U.S.C. § 853(n), as allowed by Federal Rule of Criminal Procedure 32.2(b)(3). (See DE # 72.)

Movant seeks the return of the vehicle pursuant to Federal Rule of Criminal Procedure 41(g). That rule provides in pertinent part that "[a] person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). However, once a preliminary order of forfeiture has been entered in a criminal case, the exclusive remedy for a third-party claiming an interest in the subject property is the filing of a petition pursuant to 21 U.S.C. § 853(n). United States v. McHan, 345 F.3d 262, 269 (4th Cir. 2003); see also Bayview Loan Servicing, LLC v. United States, 288 Fed. Appx. 63, 65 (4th Cir. 2008) (unpublished)

(affirming district court's dismissal of declaratory judgment action by third party creditor alleging interest in real property which was subject to forfeiture order in criminal case and recognizing that creditor's exclusive remedy was to file a petition § 853(n)). In turn, § 853(n)(3) requires that:

> [t]he petition [] be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

As noted, this court has previously entered a preliminary order of forfeiture as to the vehicle of which movant seeks return. Therefore, to assert his purported superior interest in the vehicle, movant must file a petition pursuant to § 853(n). Because the instant motion does not meet all of § 853(n)(3)'s requirements, the court cannot construe the motion as a petition under that section.

The motion for return of property is DENIED WITHOUT PREJUDICE subject to movant filing a petition in accordance with 21 U.S.C. § 853(n).

This 29 March 2012.

_____
W. Earl Britt
Senior U.S. District Judge